UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DAVID EUGENE BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-CV-226-ACL |
| | ) | |
| UNKNOWN HYDERZOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis [Doc. #2]. Upon consideration of plaintiff's financial information, the motion will be granted. Additionally, having carefully reviewed the case, the Court will dismiss this action, without prejudice. *See* Fed.R.Civ.P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action for monetary relief against Unknown Hyderzod (a medical doctor) and Christopher Heeb (a public defender). Plaintiff alleges that Dr. Hyderzod released him from the Poplar Bluff Hospital Stress Center "with paperwork that got [him] arrested & ran [sic] out of town by the police." In addition, plaintiff claims that he "had to keep returning to Court on charges that Dr. Hyderzod testified under oath were her fault at the very beginning" and that defendant Heeb refused "to ask for a dismissal." Last, plaintiff alleges that he lost eight months of his life in the Butler County Jail ("the Jail") and that he endured unconstitutional living conditions while confined there. Plaintiff states that the grounds for filing this action in Federal Court are, as follows: "Malpractice, negligence, mental anguish, 8 months' loss of livelihood, pain and suffering, sleep deprivation."

**Discussion**

At the outset, the Court will liberally construe this action as having been brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege, *inter alia*, that the defendants acted "under color of state law." 42 U.S.C. § 1983; *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986). A person acts under color of state law when he acts in his official capacity "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *See West v. Atkins*, 487 U.S. 42, 49 (1988). The requirement that a defendant acted under "color of state law" is jurisdictional. *Polk County v. Dodson*, 454 U.S. 312, 315 (1981).

Public defenders, such as defendant Heeb, performing lawyers' traditional functions do not act under color of state law for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Moreover, private conduct, such as that described on the part of Dr. Hyderzod, is

simply beyond the reach of § 1983 "no matter how discriminatory or wrongful" that conduct may be. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). A private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir.2008). The nexus to the state must be so close as to be fairly treated as that of the state itself. *Tancredi v. Metro Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir.2003) (citations omitted).

In the instant case, Dr. Hyderzod allegedly released plaintiff from the Poplar Bluff Hospital Stress Center "with paperwork that got [him] arrested & ran [sic] out of town by the police." In addition, plaintiff claims that he "had to keep returning to Court on charges that Dr. Hyderzod testified under oath were her fault at the very beginning." Plaintiff does not assert, nor does it appear, that defendant Hyderzod acted under color of state law for purposes of § 1983. There is no claim that this defendant acted with the coercive power of the state or conspired with a state actor against plaintiff. Moreover, the Court will not liberally construe this action as having been brought pursuant to 28 U.S.C. § 1332, because it does not appear, nor has plaintiff alleged, that diversity of citizenship exists.[1]

As additional grounds for dismissing this action, the Court notes that, even if defendant Hyderzod were deemed to be a state actor, which she is neither alleged nor appears to be, this action would be dismissed as legally frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's allegations are asserted against Dr. Hyderzod in her official capacity. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims);

---

[1] Plaintiff states that he resides in Jefferson City, Missouri, and that Dr. Hyderzod lives in Butler County, Missouri; he does not state where defendant Heeb resides or where any of the parties are citizens.

*Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* Moreover, to state a claim against a municipality or a government official in his official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, even if defendant Hyderzod were a state actor, the complaint would be dismissed as legally frivolous.

Last, and to the extent that plaintiff is attempting to bring pendent state claims for negligence, medical malpractice, and mental anguish, the pendent claims must also be dismissed, because federal subject matter jurisdiction is lacking. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, without prejudice. *See* Fed.R.Civ.P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED** as moot.

A separate Order of Dismissal will be filed forthwith.

Dated this 7th day of December 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE